*Zheng v. Sessions*

BIA
Christensen, IJ
A089 700 618

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

HUANG ZHENG,

> *Petitioner*,

> v.                                                            16-2446
>                                                               NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

FOR PETITIONER:                Michael Brown, New York, N.Y.

FOR RESPONDENT:                Chad A. Readler, Acting Assistant Attorney General;
                               Janette L. Allen, Senior Litigation Counsel; Jessica D.
                               Strokus, Trial Attorney, Office of Immigration
                               Litigation, United States Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huang Zheng, a native and citizen of the People's Republic of China, seeks review of a June 27, 2016, decision of the BIA affirming a June 10, 2015, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Zheng,* No. A089 700 618 (B.I.A. June 27, 2016), *aff'g* No. A089 700 618 (Immig. Ct. N.Y. City June 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address only the adverse credibility determination. *Id.* The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances and all relevant factors," base an adverse credibility determination on "the inherent plausibility of the applicant's or witness's account," an applicant's "inaccuracies or falsehoods," and inconsistencies or omissions in an applicant's statements and other evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's conclusion that Zheng was not credible. First, the IJ reasonably determined that that one or both of the letters submitted in support of Zheng's asylum application were fraudulent. Zheng testified that his mother handwrote a letter corroborating his religious persecution, mailed the original to him in the United States, and did not retain any copies of the document. App. 221. Zheng subsequently requested that his mother send him a new letter via facsimile, and testified that his mother "went over to [a] relative, told her verbally what she wanted to say . . . , [and] the relative wrote it down for her." App. 222. Zheng submitted both letters in his application. *Id.*

Despite Zheng's testimony that his mother did not retain a copy of the original letter, the language of her two submissions was identical.[1] App. 150. The IJ thus apparently concluded that both letters must have been copied from another source and were fraudulent. *See id*. Although Zheng subsequently argued on appeal to the BIA that his mother had, in fact, retained a copy of the original letter, App. 79-80, a "petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (quotation marks omitted). Zheng has not done so here.[2]

---

[1] To the extent that there were any variations between the two letters, they were solely in the number of characters per line and lines per page. App. 149.

[2] Although Zheng submitted an affidavit from his mother supporting his new account on appeal, the BIA did not err in declining to reopen the proceedings below for consideration of this new evidence. *See Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing denial under the abuse of discretion standard). In order to reopen the proceedings for supplementation of the factual record, a movant must present "material, previously unavailable evidence," *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005), and satisfy the "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in [his]

Given these circumstances, the IJ also did not err in concluding that the letters submitted from Zheng's childhood friend, Mr. Wu, were fraudulent. As with Mr. Zheng's mother, Mr. Wu submitted two handwritten letters allegedly created on different days but containing the exact same language. Although it is possible that Mr. Wu retained a copy of his original letter and used it to create his subsequent submission, "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the applicant." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). The IJ accordingly did not err in finding that Mr. Wu's letters were fraudulent given that they were submitted to the agency under the precise same suspicious circumstances as those from Mr. Zheng's mother.

The IJ's adverse credibility finding is further buttressed by other evidence in the record, including omissions in a letter from Zheng's church in China. *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (approving of agency's reliance on omissions from letters). The letter contains basic biographical information about Zheng and states that he attended the church, but it omits that Zheng was arrested, detained, or mistreated by Chinese authorities. The agency reasonably rejected Zheng's explanation that the church may have possessed only that basic information and reasonably inferred that church leaders would have been aware of the arrest because Zheng testified that he had attended the church for over two years prior to his first arrest and was arrested with several other church members as they participated in church activities. *See Majidi*, 430 F.3d at 80-81.

---

case." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *Immig. & Naturalization Serv. v. Abudu*, 485 U.S. 94, 110 (1988)). The BIA here found that the testimony set forth in his mother's affidavit was available to Zheng prior to his master hearing, App. 62, and Zheng does not challenge the BIA's determination on appeal to this Court. We therefore find this challenge waived. *See Zhang v. Gonzales*, 426 F.3d 540, 542 (2d Cir. 2005).

Finally, the agency reasonably determined that Zheng's evidence of medical treatment at a government hospital during the time he was allegedly in hiding undermined the plausibility of his claim, particularly as he previously sought medical treatment from an unlicensed doctor for injuries incurred in detention, but then risked going to a government hospital for treatment for a cold. *See* 8 U.S.C. § 1158(b)(1)(b)(iii); *Siewe*, 480 F.3d at 169 (deferring to implausibility finding "[s]o long as an inferential leap is tethered to the evidentiary record").

Because Zheng's claims all relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5